IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHRISTINA MELINDER | § |
| | § |
| V. | §    CIVIL ACTION NO. G-10-516 |
| | § |
| TEXAS FARMERS INSURANCE | § |
| COMPANY, ET AL. | § |

## OPINION AND ORDER

On July 19, 2013, Defendant, Texas Farmers Insurance Company (Texas Farmers), filed a Motion for Summary Judgment seeking the dismissal of all claims asserted against it by Plaintiff, Christina Melinder. The Court set August 16, 2013, as the deadline for filing a response, but no response has been filed. The Court, therefore, assumes that Melinder concedes Texas Farmers is entitled to relief it seeks. Accordingly, the Court now issues this terse Opinion and Order.

Even though Melinder has failed to file a response, the Court cannot grant a default summary judgment. Eversley v. MBank of Dallas, 843 F.2d 172, 175 (5th Cir. 1988) The Court may, however, accept Texas Farmers' evidence as undisputed. Then, the Court must determine whether Texas Farmers' undisputed evidence establishes a *prima facie* showing that Texas Farmers is entitled to summary judgment. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988)

There is no need to dwell on the facts. Melinder owned two residential properties in Kemah, Texas, that were badly damaged by the flooding caused during Hurricane Ike. When the hurricane struck, the properties were both insured under Standard Flood Insurance Policies issued by Texas Farmers, a WYO carrier under the National Flood Insurance Program. Ultimately, Texas Farmers paid Melinder a total of $169,702.26 for the damage to both properties. Melinder never filed another Proof of Loss and the extended deadline to do so expired on August 9, 2010. On September 13, 2010, Melinder filed this lawsuit seeking, *inter alia*, additional funds from Texas Farmers under the policies.

It is beyond doubt that a lawsuit for additional insurance benefits under an SFIP policy cannot be legitimately pursued unless the insured strictly complies with all of the policy's requirements, including the submission of a Proof of Loss for any further benefits. <u>Marseilles Homeowners Condominium v. Fidelity National Insurance Company</u>, 542 F.3d 1053, 1056 (5th Cir. 2008)   It is undisputed that Melinder did not do so and that failure is fatal to her claims regardless of their merits.

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 56) of Defendant, Texas Farmers Insurance Company, is **GRANTED** and that all claims asserted by Plaintiff, Christina Melinder, against Texas Farmers in her Second Amended Complaint are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ____9th____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge