IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHRISTINA MELINDER § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-516 |
| § | |
| TEXAS FARMERS INSURANCE § | |
| COMPANY, ET AL. § | |

## OPINION AND ORDER

On November 21, 2013, Defendant, Empire Indemnity Insurance Company (Empire), filed a Motion for Summary Judgment seeking the dismissal of all claims asserted against it by Plaintiff, Christina Melinder. A response to the Motion would have been due by mid-December, but no response has been filed. The Court, therefore, assumes that Melinder concedes Empire is entitled to relief it seeks. Accordingly, the Court now issues this terse Opinion and Order.

Even though Melinder has failed to file a response, the Court cannot grant a default summary judgment. Eversley v. MBank of Dallas, 843 F.2d 172, 175 (5th Cir. 1988)  The Court may, however, accept Empire's evidence as undisputed. Then, the Court must determine whether Empire's undisputed evidence establishes a *prima facie* showing that Empire is entitled to summary judgment. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988).

The undisputed facts relevant to the disposition to Empire's Motion are few. Melinder purchased property in Kemah, Texas, on December 20, 2006. At some time thereafter, the property became secured by a mortgage with Home 123 Corporation; the mortgage was serviced by HomeEg Servicing. The Deed of Trust required Melinder to maintain flood and hazard insurance on the property. Melinder failed to provide proof of insurance coverage after several requests to do so and HomeEg, as allowed under the Deed of Trust, acquired lender-placed policies with Empire. Thereafter, Melinder provided proof of both coverages under policies issued by Texas Farmers Insurance Company (Texas Famers) and the policies with Empire were both cancelled by October 15, 2007. On July 1, 2008, the property was foreclosed upon and it was sold to Deutsch Bank. Following the sale, Empire issued certificates adding the property to the master REO Flood and Hazard policies which provided coverage to HomeEg as the servicing agent for Deutsch Bank. Only Deutsch Bank and HomeEg were named insured under these policies.

On September 13, 2008, the property was damaged during Hurricane Ike. In her Second Amended Complaint, Melinder asserts that because Texas Farmers' coverage was inadequate, she "is entitled to claim against these forced-placed policies." This Court disagrees. Melinder was not a named insured under the policies, therefore, she had no coverage under them; in fact, at the time of Hurricane Ike, she did not even have any insurable interest in the property due to the July foreclosure. Moreover, the policies had been terminated before Hurricane Ike struck, so there was no coverage at all under the policies. Finally, because Home 123 had the right to purchase the policies under the Deed of Trust,

<u>Garcia v. Bank of American</u>, 375 S.W. 3d 322 (Tex. App. -- Houston [14th Dist.] 2012 no pet.), in doing so, there was no unlawful conduct to support Melinder's conclusory conspiracy claim.

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 66) of Defendant Empire Indemnity Insurance Company is **GRANTED** and that all claims asserted by Plaintiff, Christina Melinder, against Empire in her Second Amended Complaint are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ____9th____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge