IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTINA MELINDER | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-516 |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, ET AL. | § | |

## OPINION AND ORDER

On July 19, 2013, Defendant, Denise Wardwell d/b/a Wardwell Insurance Agency (Wardwell), filed a Motion for Summary Judgment seeking the dismissal of all claims asserted against it by Plaintiff, Christina Melinder.  The Court set August 16, 2013, as the deadline for filing a response, but no response has been filed.  The Court, therefore, assumes that Melinder concedes Wardwell is entitled to relief it seeks.  Accordingly, the Court now issues this terse Opinion and Order.

Even though Melinder has failed to file a response, the Court cannot grant a default summary judgment.  Eversley v. MBank of Dallas, 843 F.2d 172, 175 (5th Cir. 1988)   The Court may, however, accept Wardwell's evidence as undisputed.   Then, the Court must determine whether Wardwell's undisputed evidence establishes a *prima facie* showing that Wardwell is entitled to summary judgment.  C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988)

Wardwell acted as Melinder's insurance agent for the purchase of flood insurance policies on two separate residential rental properties Melinder purchased in Kemah, Texas; 207 and 215 West 4th Street.  On June 25, 2007, Melinder was notified that a forced-placed

insurance policy had been purchased on the 215 property.  On May 21, 2008, Melinder was notified that a forced-placed excess insurance policy had been purchased on the 207 property. According to Melinder, the charges related to the forced-placed policies increased her mortgage payments which, in turn, caused her to default on her loans.  Both properties were sold at foreclosure sales on July 1, 2008.

On September 13, 2010, Melinder sued, *inter alios*, Wardwell.  In her lawsuit, Melinder seeks damages from Wardwell for negligently failing to procure or maintain adequate flood insurance coverage; misrepresenting the coverage that Melinder did have; and failing to timely act to avoid the placements of the forced-placed policies.

The statute of limitations for negligence actions in Texas is two years.  Texas Civ. Prac. & Rem. Code § 16.003.  As indicated above, it is undisputed that Melinder had notice of both forced-placed policies by May 21, 2008.  She, therefore, had until May 21, 2010, to assert her negligence claims against Wardwell.  Unfortunately, for Melinder, she did not file suit until September 13, 2010.  As a result, her claims against Wardwell are time-barred.

It is, therefore, the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 55) of Defendant, Denise Wardwell d/b/a Wardwell Insurance Agency, is **GRANTED** and that all claims asserted by Plaintiff, Christina Melinder, against Wardwell in her Second Amended Complaint are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this _____9th_____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge

2