IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHRISTINA MELINDER § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-516 |
| § | |
| TEXAS FARMERS INSURANCE § | |
| COMPANY, ET AL. § | |

## **OPINION AND ORDER**

Before the Court, with the consent of the Parties, is the Motion for Summary Judgment of Defendant, Republic Lloyds. The Motion has been fully briefed and is ripe for determination.

The Court sees no need to revisit the summary judgment standard, but it does feel compelled to note that in a non-jury case, the presiding judge has some discretion at the summary judgment stage to weigh the summary judgment evidence and to draw reasonable inferences and conclusions from it rather than resort to the expense of an unnecessary trial. In re Placid Oil Co., 932 F.2d 394, 397-98 (5th Cir. 1991) (citing Nunez v. Superior Oil Co., 572 F.2d 1119, 1124 (5th Cir. 1978))

## **RELEVANT FACTS**

On April 24, 2006, Melinder granted Greenpoint Mortgage Funding, Inc. (Greenpoint) a Deed of Trust Lien on her property at 207 Fourth Street, in Kemah, Texas, to secure payment of a Promissory Note to Greenpoint in the amount of $320,000.00. The Deed of Trust required Melinder to insure the property against, *inter alia*, flood loss in an amount

required by Greenpoint. Melinder purchased a Standard Flood Insurance Policy from Texas Farmers' Insurance Company that provided $152,000.00 for structural coverage. Greenpoint determined that the Texas Farmers policy was inadequate and after sending notice to Melinder it secured a lender-placed excess flood insurance policy with Republic Lloyds on April 9, 2008, in the amount of $98,000.00. The $882.00 premium was added to Melinder's indebtedness. Melinder defaulted on the Greenpoint note and Greenpoint foreclosed on the Deed of Trust Lien on July 1, 2008. The property was purchased by US Bank National Association for $100,000.00.

On February 12, 2009, Melinder sued Greenpoint in state court for its actions leading up to her default and the foreclosure. On May 6, 2011, that lawsuit was settled. As part of the settlement Greenpoint agreed "that Melinder is entitled to receipt of any insurance proceeds paid or to be paid by Farmers Insurance Company, or any other insurance company, in connection with damage to the property caused by Hurricane Ike. Greenpoint will release any claims to, interest in, or lien upon any insurance proceeds related to the property." Melinder asserts that she has collected the maximum amount of insurance available under the Texas Farmer's policy, that the amount was inadequate to cover the property damage, and that she can, therefore, proceed against Republic Lloyds excess policy. She also claims Republic Lloyds is liable for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code and Deceptive Trade Practices Act related to the policy. Republic Lloyds argues that Melinder has no standing to pursue her claims.

**STANDING**

"A party must have an insurable interest in the insured property to recover under an insurance policy." Jones v. Texas Specific Indemnity Co., 853 S.W. 2d 791, 794 (Tex. App. -- Dallas 1993, no writ)   Melinder's insurable interest in the Kemah property ended when the foreclosure sale occurred on July 1, 2008.  That foreclosure sale, although challenged by Melinder in her state court lawsuit against Greenpoint, has never been set aside.  When Hurricane Ike damaged the property, Melinder no longer had an insurable interest in it and, as a consequence, no interest in any policy proceeds.  In response, Melinder argues that she has standing by virtue of the "assignment" by Greenpoint in the state court settlement agreement, but this Court disagrees.

The Court does not believe the language in the settlement agreement can be considered a valid assignment at all; however, even if it could, the Republic Lloyds policy contains a non-assignment clause which provides that any attempted "assignment of this policy shall not be valid unless we give our written consent."  Republic Lloyds never consented to the "assignment" contained in the settlement agreement.  Non-assignment clauses are enforceable in Texas, even after an insured loss.  Keller Foundations v. Wausau Underwriters Insurance Co., 626 F.3 871, 874 (5th Cir. 2010) (citing Texas Farmers Insurance Co. v. Gerdes, 880 S.W. 2d 215, 219 (Tex. App. -- Fort Worth 1994, writ denied.))   In Conoco, Inc. v. Republic Insurance Co., 819 F.2d 120, 124 (5th Cir. 1987), the Fifth Circuit, applying Texas law, enforced a non-assignment clause to invalidate a post-loss assignment and held that the purported assignee lacked standing to bring a claim against the insurance company.  This

Court finds that, on the facts in this case, Melinder lacks standing to pursue the recovery of insurance proceeds under the Republic Lloyds policy or any other of her claims against Republic Lloyds.

## **CONCLUSION**

For the foregoing reasons, it is the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 48) of Defendant, Republic Lloyds, is **GRANTED** and that all claims asserted by Plaintiff, Christina Melinder, against Republic Lloyds in her Second Amended Complaint are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ____15th____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge