IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTINA MELINDER | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-516 |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY, ET AL. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion to Dismiss of Defendant, Assurant, Inc. (Assurant); the Motion challenges this Court's subject matter jurisdiction to entertain the claims asserted against it by Plaintiff, Christina Melinder. The Motion has been fully briefed and is ripe for determination.

Melinder's claims against Assurant arise from a forced-placed excess flood insurance policy issued by Republic Lloyds after Melinder's mortgage company, Greenpoint Mortgage Funding, Inc. (Greenpoint), determined her existing flood insurance policy was inadequate to cover Greenpoint's risk. In summary, Melinder alleges that Assurant contracted with mortgage lenders to monitor insurance coverage and force-place insurance when needed. In particular, she claims Assurant placed the excess flood policy with Republic Lloyds; failed to notify her of the policy; misrepresented the issuer of the policy; and conspired with Republic Lloyds in a scheme to collect improper fees and expenses and kick-back commissions through the issuance of force-placed insurance policies. Assurant contends that Melinder lacks standing to sue it.

Typically, a Court is confined to the pleadings when considering a Motion to Dismiss. However, when its subject matter jurisdiction is challenged, the Court can, if necessary, consider extrinsic evidence, like affidavits, to determine the existence or lack of jurisdiction. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994)   Assurant has attached to its Motion the affidavit of Jessica M. Olich, its Vice President and Assistant Secretary, and the Court finds it to be of appropriate evidentiary value in the resolution of the jurisdictional question presented.

Melinder bears the burden of proving standing.  To do so, she must show an injury in fact, a causal connection between the injury and Assurant's conduct, and a likelihood that the injury will be redressed if she prevails.  Lujan v. Defender's of Wildlife, 504 U.S. 555, 560 (1992)   The unrebutted Olich affidavit precludes such a showing.  Assurant is merely a holding company with corporate existence that is separate from that of any subsidiary corporation that may have been involved in the issuance of the Republic Lloyds policy.  It is not, and has never been, an insurance company:  it does not sell, underwrite, issue or market insurance policies.  It does not provide monitoring services, order the placement of force-placed policies or pay commissions, rebates or expenses to mortgage companies.  It is not a party to any agreement with Republic Lloyds.  In short, Assurant is not an insurer of Melinder; it has never done any business with or affecting Melinder.  Even assuming Melinder has suffered an actual injury, causation by and redressability from Assurant are not present. As a result, Melinder lacks standing to sue Assurant and this Court, therefore, lacks subject

matter jurisdiction over her alleged claims against it.  Cf.  <u>Roberts v. Assurant, Inc., et al.</u>,
2013 LEXIS 44545 (S.D. Ga., March 27, 2013)

It is, therefore, the **ORDER** of this Court that the Motion to Dismiss (Instrument no.
49) of Defendant, Assurant, Inc., is **GRANTED** and that all claims of Plaintiff, Christina
Melinder, asserted against Assurant in her Second Amended Complaint are **DISMISSED with
prejudice**.

**DONE** at Galveston, Texas, this _____15th_____ day of January, 2014.

John R. Froeschner
United States Magistrate Judge

3